UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-CR-20255-WPD

**UNITED STATES OF AMERICA**

v.

**PATRICK BOYD and
CHARLES BOYD,**
     **Defendants**.
_____/

### MOTION TO COMPEL PRODUCTION OF BRADY AND GILGIO MATERIAL AND REQUEST FOR EVIDENTIARY HEARING

Charles Boyd and Patrick Boyd ("Boyds") through undersigned counsel file this Motion to Compel Production of Brady and Gilglio Material and Request for Evidentiary Hearing. The Boyds further state the following:

### BACKGROUND

The Government indicted the Boyds on June 18, 2024 together with co-defendant Adam Brosius. The Government had previously arrested Brosius pursuant to a complaint on June 14, 2024. The Boyds were not included in the Brosius complaint. When Brosius was arrested, he was held in pretrial detention based on Brosius having been on bond from a District of New Jersey health care fraud case that was pending trial.

Predictably, Brosius sought his way out of pretrial detention by offering his cooperation to the Government both in his New Jersey case and in the instant case. Knowing that his path to freedom would fail if he proclaimed innocence, Brosius met with law enforcement agents from both the New Jersey case and the instant case and admitted his guilt while alleging culpability of his co-defendants in both cases.

The New Jersey portion of Brosius' cooperation proffer occurred in Miami on July 30, 2024 and July 31, 2024. A detailed FBI report of the New Jersey proffer includes thirty-three questions and answers that are described as "Potential Factual Basis Questions." Those questions provided Brosius's complete confession to his involvement in a conspiracy to pay kickbacks and bribes to marketers for procuring and referring patients.

Brosius was granted bond following his proffer. Brosius entered his guilty plea in the District of New Jersey on September 24, 2024. Brosius plea colloquy was detailed with a clear, unambiguous admission of guilt to his charges. Brosius testified at trial of a New Jersey co-defendant. The Boyds have not received any notice from the Government that Brosius had withdrawn his admission of guilt while cooperating in the New Jersey trial.

Brosius' sentencing in the New Jersey case has been continued to permit his cooperation to proceed in the Boyds' case. Brosius appears to have been permitted to remain on bond while awaiting sentencing.

The prosecutors in the Boyds' case have met with Brosius on numerous occasions since his release from pretrial detention. On Wednesday September 10, 2025, immediately prior to the calendar call in the Boyds' case, the Boyd prosecutor sent an email to the Boyds' counsel stating that the Government had met with Brosius on September 9, 2025 at which time Brosius informed the prosecutors that "Brosius believes he is not guilty of the crimes to which he pled guilty in his New Jersey case, but admits he did one thing wrong which was pay copays on behalf of patients. He stands by his plea of guilty in this case."

On its face, the Government's September 10, 2025 email appears to report Brosius' September 9, 2025 confession that he had lied to New Jersey FBI agents during his July 2024 Miami proffer that facilitated Brosius' release from pretrial detention as well as at the New Jersey

2

trial of his co-defendant. Brosius' admission also creates a long list of <u>Brady</u> and <u>Giglio</u> issues that are addressed below.

Near midnight on Sunday, September 14, 2025 the Government notified the Boyds that "Brosius now says he is guilty of the crimes to which he pled guilty in his New Jersey case". (Exhibit "A" Attached). No further explanation was provided as to the circumstances of Brosius' latest statement including when it was made, who it was made to, and what specifically Brosius said. The Government has offered no information concerning communications between the Government and Brosius, or Brosius' attorney, between the time of Brosius' September 9, 2025 confession and his September 14, 2025 midnight new assertion.

On Saturday, September 13, 2025, the Government sent the attached email concerning Government witnesses Peter Khaim, Jose Armando Rivera, and Adam Brosius. (Exhibit "B") attached).

Peter Khaim has been described as the source of muti-million dollars of diverted HIV drugs involved in the Boyds' prosecution. According to the Government, Khaim "does not have a formal cooperation agreement with the Government. He has agreed to provide truthful testimony in this case in hopes of a sentence reduction." Khaim has been sentenced in two other cases unrelated to his involvement in HIV drugs associated with the Boyds' prosecution. In those two cases (S.D.N.Y. and E.D.N.Y.), Khaim received sentences totaling sixteen years. Khaim is currently claiming ineffective assistance of counsel in one of his unrelated cases.

Jose Armanda Rivera also has pled guilty in two cases not involving the Boyds. Rivera, according to the Government, is awaiting sentencing on those two cases. Like Khaim, the Government claims that Rivera "does not have a formal cooperation agreement with the

3

Government." Apparently, Rivera hopes that his cooperation in the Boyds' case will result in sentence reductions in his two cases that he is awaiting sentencing.

In the same Sunday, September 14, 2025 midnight email, the Government stated that Jose Armando Rivera "was not charged for his role at Gentek LLC" and that Gentek had sold $105.6 million of diverted prescription drugs. Safe Chain had purchased a portion of the $105.6 million Gentek drugs sold.

A few minutes closer to midnight on September 14, 2025, the Government sent a new interview report to the Boyds. The report was for Rivera's interview that according to the Government "was finalized and received by us today." The report relates to an August 26, 2025 interview conducted by the prosecutors in which Rivera confesses that he had assumed the identity of an individual named "Edel Reyes" to run Gentek operations. The report describes Rivera's attempt to avoid personal and telephonic contact with others to conceal his true identity as well as steps taken by Gentek to make the HIV medication bottles that Gentek was selling appear legitimate manufactured products. The Government offered no explanation why for over two weeks it concealed the Rivera's revelations, which constitute Brady material in the Boyds' case.

## NEED FOR COMPELLED GIGLIO/BRADY MATERIAL

The Government's announcement that it was ready for trial was obviously inaccurate. Apparently, the Government does not believe that its trial readiness includes fulfilling its Brady and Giglio obligations. However, that is exactly what has transpired. After its self-righteous claim that the case is unreasonably old and there is no reason for even a brief continuance, the Government's actions impeach its own representations.

This is what we now know. The Government's star witness Adam Brosius confessed that he had lied about his guilt in his New Jersey federal case. Days later, Brosius is supposedly now

4

claiming that he is guilty in the New Jersey case. That would appear to now mean that Brosius lied in his September 9, 2025 representations to the prosecution team that he was not guilty of the offenses in the New Jersey case. The circumstances of Brosius' flip flops with the truth have been concealed by the Government and require disclosure. There is no written report detailing the meeting where Brosius lied. There is no report concerning the Government's response to Brosius' lies. What was said to Brosius and Brosius' attorney? Was Brosius informed that the Government had an obligation to file a report to both this Court and the New Jersey court that Brosius, while on bond in both cases, had lied about his guilt? What communications followed between the Government and Brosius in the days following his confession? Since the Government has failed to disclose any communications to any Court concerning the Brosius' lies, is the Government holding disclosure of the Brosius lies over Brosius' head?

    Equally disappointing is the Government's failure to produce <u>Brady</u> and <u>Giglio</u> material relating to the Government's other star witnesses, Peter Khaim and Jose Armando Rivera. The Government's claim that Khaim and Rivera do not have "formal cooperation agreements" and are agreeing to tell the truth to seek sentence reductions in other cases is misleading at best. Khaim and Rivera are main sources of the HIV drugs that the Government claims constitute a major portion of the basis of the Boyds' prosecution. Neither Khaim nor Rivera have been charged with any offense relating to transactions with Safe Chain despite the Government having overwhelming evidence concerning their culpability and the millions of dollars of profits that they made. The Government has not sought one cent of forfeiture from the funds Khaim and Rivera gained from their conduct.

    The fact that Khaim and Rivera have not been indicted for their role as sources of HIV drugs relating to the Boyds is a strong indicator that the Government has no intention to prosecute

either Khaim or Rivera. While there might not be a "formal" cooperation agreement with Khaim or Rivera, has either, or both, been informed that the Government does not intend to prosecute either individual in an informal (wink, wink) agreement? If Khaim and Rivera have been informed that they will or could be indicted, is their cooperation being provided in the hope that the Government will change its mind? The fact that the Government has failed to produce any representations to Khaim or Rivera concerning their status and potential indictment is incredulous. No attorney, representing similarly situated individuals, would not inquire of the Government concerning their client's status.

At this point, the Boyds request that the Court issue and order compelling production of all Brady and Giglio material forthwith. The Boyds also request that all reports of the Brosius "flip flop" be produced forthwith. Finally, the Boyds request an evidentiary hearing to determine what Brosius has actually represented to the Government concerning his New Jersey culpability.

## GOVERNMENT'S POSITION

The Government opposes this motion.

Dated:  September 16, 2025

Respectfully Submitted,

| | |
|---|---|
| **By: s/ William R. Barzee, Esq.** | **By: s/ Bruce A. Zimet, Esq.** |
| Florida Bar No. 158720 | Florida Bar No. 0225053 |
| | |
| **BARZEE FLORES** | **BRUCE A. ZIMET, P.A.** |
| Courthouse Center | 1555 Palm Beach Lakes Blvd. |
| Penthouse One | Suite 1400 |
| 40 N.W. Third Street | West Palm Beach, FL 33401 |
| Miami, FL 33128 | Tel: (561) 508-7741 |
| Tel: (305) 374-3998 | Tel: (954) 764-7081 |
| Email: WilliamBarzee@BarzeeFlores.com | Email: BAZ@BruceAZimetLaw.com |
| *Counsel for Patrick Boyd* | *Counsel for Charlie Boyd* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 16, 2025

Respectfully Submitted,

/s/BRUCE A. ZIMET, ESQ.
Florida Bar No. 0225053
**BRUCE A. ZIMET, P.A.**
1555 Palm Beach Lakes Blvd.
Suite 1400
West Palm Beach, FL 33401
Tel:   (561) 508-7741
Tel:   (954) 764-7081
Fax:   (954) 760-4421
Email: BAZ@BruceAZimetLaw.com