



June 16, 2025

Timothy A. Waters
Partner
(212) 336-7601
twaters@pbwt.com

**By ECF**

Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>*Gilead, et al. v. Safe Chain, et al.*, No. 21-cv-4106 (AMD) (JAM)</u>

Dear Judge Marutollo:

      Plaintiffs ("Gilead") write to provide a status update pursuant to Your Honor's June 5, 2025 order. Gilead has resolved its claims against every defendant that has not defaulted, save for Adam Brosius ("Brosius") and his solely owned company, Worldwide Pharma Sales Group, Inc. ("Worldwide Pharma").[1] Attached hereto as **Appendix A** is an updated version of the chart summarizing the current status of each defendant.

      To resolve all of Gilead's claims and close out this litigation, Gilead submits there are two tasks that must be completed: (1) summary judgment against Brosius and Worldwide Pharma; and (2) default judgment against the defaulted parties.

      **A.   <u>Summary Judgment Against Brosius and WorldWide Pharma</u>**

      There is no serious question that Gilead is entitled to summary judgment against Brosius and Worldwide Pharma. Brosius recently pled guilty to federal criminal charges that arose from the same facts as this civil litigation. **Ex. A.** In pleading guilty, Brosius admitted to "knowingly distributing diverted prescription drugs with falsified T3s/pedigrees," including HIV medicine that had been purchased back from patients. **Ex. B.** Brosius also admitted to his sole ownership of Worldwide Pharma, which helped "locate both suppliers of HIV drugs and pharmacy customers to purchase HIV drugs." *Id.*

      Unfortunately, Brosius has rebuffed all attempts at settlement. Multiple attempts to resolve the case through mediation before by Your Honor have failed. *See* Feb. 20, 2024 Minute Entry; Mar. 14, 2024 Minute Entry; Jan. 23, 2025 Minute Entry. Gilead's belief, based on settlement discussions with counsel, is that Brosius has no intention of defending this case, and

---

[1] The only (partial) exception is Defendant Sam Kessler. Gilead has reached a final settlement agreement with Mr. Kessler and his brother, Defendant Avi Kessler. The settlement contemplates a consent judgment to be filed with the Court. However, Mr. Avi Kessler's counsel has been ill, which has delayed finalization of the conditions that will allow the consent judgment to be filed. Gilead expects the issue to be resolved and the proposed consent judgment to be filed in the coming weeks.

Case 1:21-cv-20255-WPD Document 2074-4 Entered on FLSD Docket 08/11/2026 Page 2 of 3
Case 1:21-cv-20255-WPD Document 1580 Filed 06/25 Page 2 of 3
#: 32247

Hon. Joseph A. Marutollo
June 16, 2025
Page 2

that summary judgment will be unopposed. But Brosius has given all indications that he is dead set on forcing Gilead and the Court to nevertheless go through the summary judgment process.

From the start, settlement was cut off at the knees by Brosius's assertion – which he stated under oath at his deposition – that during the course of this litigation he gave away essentially all of his remaining assets, over $2 million cash, to his co-defendant John Levitan, a convicted money-launderer. Brosius testified that he gave his final $2 million to his money-launderer friend as repayment for a loan, but claimed he had no documentation of the loan and could not remember the loan's purpose.

Gilead more recently attempted to settle the case without a settlement payment, in exchange for a consent judgment – essentially putting Brosius in the same place he will be after he fails to oppose summary judgment and judgment is entered against him. Brosius unequivocally rejected that offer as well. Gilead received a clear message from those conversations that amicable resolution was impossible.

The only viable path forward is for Gilead to file a summary judgment motion limited to Brosius and Worldwide Pharma. Under the circumstances, Gilead's intent is to make the summary judgment process as efficient as possible. Pursuant to the Court's guidance, Gilead is finalizing a revised Rule 56.1 statement, which Gilead anticipates will be less than twenty pages, and seeks permission to serve it upon Brosius and Worldwide Pharma this week in accordance with Judge Donnelly's individual rules.

Brosius and Worldwide Pharma did not respond to Gilead's original Rule 56.1 statement, and Gilead fully expects the same outcome again. Because the revised statement will in essence be a (greatly) shortened version of Gilead's original statement, Gilead respectfully requests that Brosius and Worldwide Pharma be given a week to respond. After that, Gilead will move for a pre-motion conference and a summary judgment briefing schedule can be set.

B. **Default Judgment**

At our last in-person conference, Your Honor held that we would not move forward with default judgments at the time, stating that doing so might impede resolution of claims against other, non-defaulting defendants. Gilead respectfully submits that given its success – with Your Honor's assistance – in settling with non-defaulted defendants, the time has come to move forward with default judgments as well.

The first step in resolving Gilead's claims against the defaulted defendants is to finalize the certificates of default. Several defendants are subject to a still-pending request for certificates of default, which has been outstanding for 18 months. ECF No. 1285. Gilead's belief is that these request remains outstanding due to an inadvertent oversight or administrative error on behalf of the Clerk's office, and so Gilead respectfully requests that the Court enter an order directing the clerk to enter the requested certificates of default.

CBOYD001443

Case 1:21-cv-20255-WPD Document 274-4 Entered on FLSD Docket 03/11/2026 Page 3 of 3
Case 24-cv-20255-WPD Document 274-4 Entered on FLSD Docket 03/11/2026 Page 3 of 3
 #: 32248

Hon. Joseph A. Marutollo
June 16, 2025
Page 3

       Gilead further respectfully requests that the Court permit Gilead to file a motion for default judgment against all defaulted parties after the last certificates of default have been entered. Gilead has no reason to believe any of the defaulted defendants will oppose. Given that Gilead submitted a detailed damages expert report, and no Defendant submitted a rebuttal report, Gilead anticipates that default judgment can be resolved on the papers.

       Respectfully submitted,

       */s/ Timothy A. Waters*

       Timothy A. Waters

cc: All counsel of record (via ECF)

CBOYD001444